Szymanski v Albanna (2018 NY Slip Op 00378)





Szymanski v Albanna


2018 NY Slip Op 00378


Decided on January 22, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


167.1 CA 18-00002

[*1]GEOFFREY M. SZYMANSKI AND CITY OF LACKAWANNA, PLAINTIFFS-RESPONDENTS,
v
MOHAMED ALBANNA, DEFENDANT-APPELLANT. 






PETER A. REESE, BUFFALO (JAMES OSTROWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HODGSON RUSS LLP, BUFFALO (MICHAEL B. RISMAN OF COUNSEL), AND BOUVIER LAW, LLP, FOR PLAINTIFFS-RESPONDENTS.


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered December 22, 2017. The judgment, inter alia, declared that defendant is ineligible to assume the office of 1st Ward Councilman in the City of Lackawanna. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, Geoffrey M. Szymanski and the City of Lackawanna (City), commenced this action seeking, inter alia, a declaration that defendant, Mohamed Albanna, is ineligible to assume the City office of Councilman, 1st Ward. In 2006, defendant pleaded guilty to the federal crime of operating an unlicensed money transmitting business (18 USC § 1960), and he was sentenced to five years in prison and three years of probation. In 2017, defendant sought the City office of Councilman, 1st Ward and received a majority of votes.
Section 14.9 of the City Charter provides that "[a] person convicted of a crime or offense involving moral turpitude shall be ineligible to assume or continue in any City office, position or employment." In his plea agreement, defendant acknowledged that he: operated an illegal money transmitting business that transmitted more than $3.5 million to Yemen over a 13½-month period; transmitted money to Yemen from individuals who did not fully and accurately identify themselves; transmitted money to Yemen without inquiring about the source of the money or why it was being sent; made false entries in a money transfer ledger to hide the identities of certain senders and recipients; failed to file required currency transaction reports for cash transactions in excess of $10,000; and knew that his business did not have the required license to transmit money.
Because the above stipulated facts establish that defendant was convicted of a crime of moral turpitude, Supreme Court properly declared that he is ineligible to assume the subject office (see Ernewein v Pordum [appeal No. 1], 96 AD2d 1014, 1014 [4th Dept 1983], lv dismissed in part and denied in part 60 NY2d 552 [1983]). In light of our determination herein, we do not address defendant's remaining contentions.
Entered: January 22, 2018
Mark W. Bennett
Clerk of the Court